FREDERICK KELVER, Respondent, *v.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

The provision of the General Railroad Act requiring every railroad company to erect and maintain fences along the sides of its track wherever it is necessary to prevent animals from getting thereon "from the land adjoining the same," and making it liable for all injuries done by its agents or engines to animals thereon until such fences shall have been made (§ 44, chap. 140, Laws of 1850, as amended by § 8, chap. 282, Laws of 1854) imposes a several obligation upon every such company to fence its road unless a natural or artificial barrier exists which will prevent animals from reaching the track.

In an action to recover damages for the killing of plaintiff's cattle, it appeared that defendant is one of five railroad companies whose tracks run parallel for some distance, being separated only enough to permit the passage of trains, defendant's tracks being the central ones. No fence had been built along the exterior of the outer track, and there was no natural or artificial barrier. Plaintiff's cattle strayed from a farm adjoining across the intervening tracks belonging to other companies on to defendant's track where they were killed by an engine running thereon. *Held*, that plaintiff was entitled to recover; that the land from which the cattle strayed was adjoining defendant's track within the meaning of the statute, and that defendant was not excused by the fact that the company owning the track nearest to plaintiff's land had failed to perform its duty.

Upon the trial evidence offered by the defendant that fences on the sides of defendant's road would, by reason of the narrow space between its tracks and those of the adjacent roads, constitute a dangerous obstruction and imperil the lives of passengers and operatives employed about the cars and upon the tracks was excluded. *Held*, no error; that defendant could not set up a situation it had wrongfully created as an excuse for disregarding its duty.

*Dolan* v. *N. D. & C. R. R. Co.* (120 N. Y. 571), distinguished.

(Argued April 24, 1891; decided May 5, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made January 15, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the killing of plaintiff's cattle which had strayed upon defendant's tracks through its failure to maintain fences along its track as required by the statute.

The facts, so far as material, are stated in the opinion.

*John G. Milburn* for appellant. The defendant was not bound by law to maintain a fence on the easterly line of its property, because contiguous to it, and separating it from the plaintiff's property, was the railroad property of two other companies upon which were ten or more tracks and part of which was a railroad yard where trains were made up and distributed and cars stored. (Laws of 1850, chap. 140, § 4; Laws of 1854, chap. 282; *Purdy* v. *R. R. Co.*, 61 N. Y. 355; *Dolan* v. *R. R. Co.*, 120 id. 571; *Leggett* v. *R. R. Co.*, 41 Hun, 80; *Jones* v. *Seligman*, 81 N. Y. 191; *Wademan* v. *R. R. Co.*, 51 id. 568; *Gallagher* v. *R. R. Co.*, 57 Conn. 442.) The court should have left it to the jury to find whether a fence was necessary. (*Johnson* v. *R. Co.*, 27 Mo. App. 379.)

*Simon Fleischman* for respondent. Defendant was not exonerated from erecting the fences required by law by reason of its tracks lying between the tracks of two other companies. (3 R. S. [8th ed.] 1761, art. 1, § 44; *Donnegan* v. *Erhardt*, 119 N. Y. 468; *Bradley* v. *N. Y. & E. R. R. Co.*, 34 id. 427; *Tracy* v. *T. & B. R. R. Co.*, 38 id. 433; *Crawford* v. *N. Y. C. & H. R. R. R. Co.*, 18 Hun, 108; *Corwin* v. *E. R. Co.*, 13 N. Y. 42; *Bruce* v. *N. Y. C. & H. R. R. R. Co.*, 26 id. 273; *Shepard* v. *B., N. Y. & O. R. R. Co.*, 35 id. 641; *Rhodes* v. *U. I. & E. R. R. Co.*, 5 Hun, 344.)

ANDREWS, J. The 44th section of the General Railroad Act of 1850, imposed upon every railroad company organized

thereunder an absolute duty to erect and maintain fences on the sides of its road, and made the corporation liable for all injuries done by its "agents or engines" to cattle or other animals thereon until such fences shall have been made. This absolute duty was modified by section 8 of chapter 282 of the Laws of 1854, which was an act amending the act of 1850, and which section substantially re-enacted section 44 of the original act, but added thereto this provision, "that no railroad corporation shall be required to fence the sides of its road, except where such fence is necessary to prevent cattle, sheep and hogs from getting on to the track of the railroad from the lands adjoining the same."

It is conceded that the defendant has never fenced its road and that the plaintiff's cattle were killed on the track of the defendant, on to which they had strayed, by an engine running thereon.

It appears that the defendant is one of five railroads running for a distance out of the city of Buffalo on five parallel tracks, separated from each other only so far as to permit the passage of trains on the respective roads. The defendant's tracks occupy a central position, there being the tracks of two other ro .ds on each side of its tracks, those on the easterly side being the tracks of the Buffalo, Rochester and Pittsburgh railroad, and of the Western New York and Pennsylvania railroad. The exterior tracks on the easterly side of the defendant's tracks are those of the road first named, and the plaintiff's cattle strayed from a farm adjoining the tracks of that road on to those tracks, thence across the tracks of the Western New York and Pennsylvania railroad on to those of the defendant. Neither of the roads mentioned had ever erected any fences on the sides of its road. There was no barrier to prevent cattle straying from the farm where the plaintiff's cattle were, across the intervening tracks on to the tracks of the defendant. There were eight or more tracks east of those of the defendant. The Buffalo, Rochester and Pittsburgh Company had its tracks and sidings, and also an engine-house, coal platforms and other structures on its lands, but the way was otherwise open and unobstructed.

The east rail of the east track of the defendant's road was seven feet distant from the west rail of the west track of the Western New York and Pennsylvania railroad, and when trains are passing each other on the two tracks there is a space of only three feet between the cars.

The defendant relies upon two grounds for the reversal of the judgment: *First*, that the cattle did not get on to the defendant's tracks from lands "adjoining the same," within the meaning of the statute, and *second*, that the court erred in rejecting evidence that fences on the sides of the defendant's road would, by reason of the narrow space between its tracks and those of the adjacent roads, constitute a dangerous obstruction and imperil the lives of passengers and of operatives employed about the cars and upon the track.

The first point was adjudicated against the defendant's contention in the case of *Shepard* v. *Buffalo, New York and Erie Railroad Company* (35 N. Y. 641). In that case cattle had strayed from lands adjoining the track of the New York Central railroad, upon and over the track of that road and thence upon the track of the Erie road, immediately adjoining, and were there killed. Neither company had fenced its road. It was claimed that the primary duty to fence was upon the road whose tracks were next to the land from which the cattle strayed, and that the lands of the New York Central railroad, from which the cattle came on to the defendant's road, being railroad lands, were not "adjoining lands" to those of the defendant, within the statute of 1854. The court overruled the contention, and while conceding that the purpose of the statute would have been attained if the New York Central Company had complied on its part with the law, nevertheless held that the defendant was not thereby excused, and that, not having fenced its road, was liable for the value of the cattle. The multiplication of railroads and the difficulty, especially in large cities, of securing suitable and convenient approaches and outlets, makes it often desirable and in some cases necessary that different converging roads should be constructed for a dis-

tance on substantially parallel routes, adjacent to each other. If this condition of things had been in the mind of the legislature when the legislation in question was enacted, it is not improbable that the obligation to build fences in such cases would have been imposed exclusively upon the road occupying the exterior part of the territory upon which the several roads were constructed, or have imposed a joint obligation to fence on all the roads. This would apparently have satisfied the purpose of the statute. But the statute imposes a several obligation upon every company to fence its road, with the qualification that the duty to fence does not arise where no fence is necessary to prevent cattle from reaching the track. If there is a natural or artificial barrier which bars the way, then, as there is no necessity for one, no fence is required. But the statute does not permit the company to exercise a discretion depending upon the improbability of cattle going upon the track where there is no barrier, natural or artificial, to prevent them, and under such circumstances it cannot be left to a jury to find whether the omission to fence was reasonably prudent or not. The case of *Dolan* v. *R. R. Co.* (120 N. Y. 571), proceeds upon special circumstances, and is not in conflict with the views herein expressed. In the present case there is nothing to limit or qualify the general duty to fence, or which justified the exercise of any discretion on the part of the defendant in protecting its road from the intrusion of cattle.

The evidence to show the danger to passengers and operators from the erection of fences was, we think, properly excluded.

It is to be observed that the question is not whether a court would, in the actual situation, compel a specific performance by the defendant of its statutory duty. It may be conceded that it would refuse to enforce specifically the building of fences along the sides of the defendant's road as now located if it should appear that by so doing human life would be endangered. But this, we conceive, is no answer to a civil action for damages resulting from the neglect to fence. The defendant, for its own purpose and· by its own volition, has placed its tracks in such near proximity to the tracks of other

roads that it cannot, as is claimed, perform its statutory duty without hazarding the safety of its passengers and others. It seeks to set up a situation which it itself has created as an excuse for disregarding this duty. This it cannot do. If it had appeared that the Buffalo, Rochester and Pittsburgh Railroad Company had erected and maintained a proper fence along the easterly side of its track, through or over which the cattle had nevertheless escaped upon the defendant's tracks, a different question would be presented. The question would then arise whether the defendant might not be entitled to treat the fence of the other corporation as its fence for the purposes of the statute. But this question is not presented. Following the language of the statute, as interpreted by the decisions, we must hold that the action is maintainable. It is for the legislature to change or modify the statute, if any change or modification is expedient.

The judgment should be affirmed.

All concur.

Judgment affirmed.